IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-110 SI |
| Plaintiff, | **ORDER RE VARIOUS PRETRIAL MOTIONS** |
| v. | |
| AU OPTRONICS CORPORATION, et al., | |
| Defendant. | |

On December 21, 2011, the Court held a hearing on various pretrial motions. All parties were represented by counsel.

**1. Lai-Juh Chen's proposed jury instruction re: liability of superiors**

Plaintiff and defendant Lai-Juh Chen disagree on the appropriate jury instruction governing criminal liability of superiors for acts of subordinates. The Court adopts neither submitted instruction, but will give an instruction which incorporates the instruction approved in *United States v. Brown*, 936 F.2d 1042 (9th Cir. 1991). The Court views the phrase "requires more than purely passive behavior" as explanatory, not as part of the legal standard to be incorporated in the instruction.

**2. Plaintiff's motion to exclude expert witness testimony of defense experts Hall, Samuelson and Schmalensee, and defendants' motion to exclude expert witness testimony of plaintiff's expert Leffler**

The general *Daubert*/FRE 702 motions to exclude are denied, without prejudice to specific objections at the time of trial. Each of these witnesses is academically qualified, uses standard economic analysis and provides some information and opinions which may be relevant to this trial. Should the testimony become cumulative, prejudicial, factually unsupported, or otherwise inadmissible, appropriate objections can be made at trial.

**3. Plaintiff's motion to compel additional disclosures and exclude testimony of defense expert Deal**

Plaintiff seeks to compel defense overcharge expert, Bruce Deal, to disclose more fully the bases for his opinions. The Court agrees that Mr. Deal's declaration is fairly vague, and frequently cites only general sources of information. For example, he cites to unspecified data from "comparable" industries, unspecified public reports and securities filings, and, in some cases, simply to AUO production generally. This is insufficient information for plaintiff to evaluate Mr. Deal's opinions and prepare for cross-examination. Accordingly, plaintiff's motion to compel is granted to the extent that Mr. Deal must identify with specificity the data on which he relies. Once his augmented report is provided to plaintiff, plaintiff may, if necessary, renew its objections concerning the adequacy of the expression of the opinions Mr. Deal has prepared, including those related to Dr. Leffler's analysis.

However, plaintiff's *Daubert*/702 motion is denied at this time, without prejudice to specific objections at time of trial.

**IT IS SO ORDERED.**

Dated: December 22, 2011

SUSAN ILLSTON
United States District Judge

2