IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-0110 SI |
| Plaintiff, | **ORDER RE: UNITED STATES'<br>REQUEST FOR PRE-APPEARANCE<br>ADMISSION OF DOCUMENTS –<br>MICHAEL WONG** |
| v. | |
| AU OPTRONICS CORPORATION, *et al.*, | |
| Defendants. | |

The government has requested that the Court admit approximately 30 documents that it intends to use during its direct examination of Michael Wong, the former head of AUOA. While the Court declines to admit the documents at this time, it agrees with the government that the documents, if properly identified, are admissible.

The defendants' primary objection to the documents' admissibility is their contention that the documents are or contain hearsay. The Court disagrees. The documents fall under the hearsay exclusions set forth in Federal Rule of Evidence 801(d).

The government offers a single document, Exhibit 139, against only Steven Leung. Exhibit 139 is an email authored by Leung that the government intends to offer to "demonstrate his pricing authority." Motion at 6. The Court agrees that the document is non-hearsay under Rule 801(d)(2)(A).

The government argues that the rest of the documents fall under the hearsay exclusion for co-conspirator statements set out in Rule 801(d)(2)(E). To establish that the documents fall under Rule 801(d)(2)(E), the government must first establish by a preponderance of the evidence "that there was a conspiracy involving the declarant and the [defendants]." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). To reach this finding, the Court may rely on the statements themselves, but independent

evidence of the conspiracy and the defendants' participation must also exist. *See United States v. Silverman*, 861 F.2d 571, 577-78 (9th Cir. 1998).

The Court finds that the government has established by a preponderance of the evidence that the conspiracy set forth in the indictment existed and involved AUO, AUOA, LG, Chunghwa, Chi Mei, HannStar, and Samsung, as well as the individual defendants. Indeed, defendants do not contest this point; they have conceded that the government has sufficient evidence to establish that the conspiracy existed and that defendants were members.[1]

Instead, defendants contend that the government has not established that many non-defendant declarants were members of the conspiracy. Occasionally these declarants authored entire documents, such as crystal meeting notes. *See*, *e.g.*, Defendants' Opposition to Government's Motion Regarding Co-conspirator Statements, at 3 (December 7, 2011) ("To gain admission of a given crystal meeting report, the government must show that the author/declarant of that particular report was knowingly and intentionally participating in the conspiracy at the time the statement was made."). On other occasions, reports that are otherwise admissible reflect statements made by a declarant about whom little or nothing is known. Defendants argue that these statements are all hearsay until the maker of the statement is shown to have joined the conspiracy. For example, Exhibit 12 is a summary of a 2003 crystal meeting contained in an email sent by Steven Leung. The summary contains a number of statements attributed only to "Samsung," "LGP," "CMO," "CPT," and "Hannstar." Defendants contend that the government must identify the individual who made the statements and establish that he or she affirmatively joined the conspiracy. Further, defendants contend that the government must introduce independent evidence as to each of these individuals, and cannot rely solely on the hearsay statements themselves.

The Court has reviewed the documents, and concludes that the statements constitute co-conspirator statements under Rule 801(d)(2)(E). The government has established by a preponderance of the evidence that the declarants were members of the conspiracy. The statements at issue are

---

[1] This finding is also supported by independent evidence. The corporations that are not defendants – LG, Chunghwa Picture Tubes, Chi Mei, Hannstar, and Samsung – either pled guilty to participating in the conspiracy, or admitted to participating in the conspiracy in order to take advantage of the Antitrust Division's corporate leniency program. In addition, the Court has already heard some trial testimony establishing that the purpose of the Crystal Meetings was to fix prices of TFT-LCD panels, and that AUO, through some of the individual defendants, attended the meetings.

2

compelling evidence that such was the case. This conclusion is buttressed by the fact that the declarants' employers were members of the conspiracy. Because the declarants were all employees acting within the scope of their employment, the evidence that their employer participated in the conspiracy is strong independent evidence of their own participation.

The government must also establish by a preponderance of the evidence that these co-conspirator statements were made in furtherance of the conspiracy. Having reviewed the documents the government intends to use in Mr. Wong's testimony, the Court agrees that they were made in furtherance of the conspiracy. The only exception is Exhibit 129, which relates to AUO's pricing to Dell. The government represents that other evidence will link this pricing information to the prices set at crystal meetings. Thus, this Exhibit is only admissible to the extent the government makes this connection.

Finally, the Court agrees with defendants that any coconspirator statements made before a defendant joined the conspiracy are not admissible to show that defendant joined the conspiracy. Defendants may provide the Court with a proposed general limiting instruction to that effect.

**IT IS SO ORDERED.**

Dated: January 11, 2012

SUSAN ILLSTON
United States District Judge

3