IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-110 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER (AMENDED)** |
| v. | |
| RICHARD BAI, | |
| Defendant. / | |

On September 10, 2013, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning September 23, 2012. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 12 members, with 2 alternates. The plaintiff shall have 6 peremptory challenges; defendant shall have 10 peremptory challenges; and each side shall have one additional peremptory challenge on account of the alternates. Questionnaires have been completed by 52 potential jurors. Voir dire shall begin on September 23, 2013 at 8:20 a.m.

2. **Trial schedule**: The Court generally hears jury trials Monday through Thursday; the Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on

Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate. The parties have estimated a two- to three-week trial, which estimate will be conveyed to the jury.

3. **Motions in limine**: At the pretrial conference, the Court reiterated its view that all prior rulings in the case, including in limine rulings prior to the first trial, will continue in effect during this trial, except to the extent specifically altered after discussion. In addition, two additional motions in limine were discussed, as follows:

<u>Plaintiff's motion re: additional disclosure of anticipated testimony by economist Bruce Deal:</u> Defendant has listed Bruce Deal as a trial witness, asserting that he will sponsor a summary chart. Mr. Deal was the only defense witness at the first criminal trial, and testified at some length as an expert. Plaintiff has sought clarification concerning what his testimony will be here. Defendant declined to clarify, stating that Mr. Deal "may be helpful in summarizing voluminous records and data," which summaries will be prepared "once Mr. Bai has reviewed the government's case against him." The parties shall not mention Mr. Deal in opening statements and, prior to putting him on, defendant will be required to make an offer of proof as to his testimony. Plaintiff must be provided with copies of documents to be summarized, if it is not already in possession of them, and must be given time to evaluate them. The fact that Mr. Deal testified previously is admissible, as is any remuneration he has received in connection with his work on this and the prior cases.

<u>Plaintiff's motion re: results from first two trials:</u> The parties dispute the extent to which questions may be put concerning prior pleas and convictions in this case. The government's request to offer evidence of convictions more broadly than was done in prior trials is DENIED; only testifying witnesses may be questioned about their own guilty pleas and convictions. Defendant's request that even testifying witnesses not be examined by the government about their convictions is likewise DENIED. Plaintiff may bring out a witness's prior guilty pleas and convictions in its direct examination; such matters "may properly be considered by the jury in evaluating witness credibility." *U.S. v. Halbert*, 640 F.2d 1000, 1004 (9th Circuit 1981) .

**4.     Preliminary Instructions**: The Court will read the jury the Preliminary Jury Instructions proposed by plaintiff (Dkt. 1207).

**IT IS SO ORDERED.**

Dated: September 19, 2013

_____
SUSAN ILLSTON
United States District Judge